IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3315 |
| | ) | |
| ILLINOIS GOVERNOR | ) | |
| PATRICK QUINN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Illinois Governor Patrick Quinn, Illinois Central Management Services (CMS) Attorney Erin Davis, Illinois Attorney General Lisa Madigan, Illinois CMS Director James Sledge, Illinois Department of Healthcare and Family Services (DHFS) Director Barry Maram, and Illinois Department of Children and Family Services (DCFS) Director Erwin McEwen's Motion to Dismiss (d/e 8).  For the reasons set forth below, the Motion is allowed, but Plaintiff Gregory Douglas is given leave to file an amended complaint.

1

STATEMENT OF FACTS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Douglas. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claim showing that Douglas is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that Douglas is entitled to relief. Twombly, 550 U.S. at 569 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

Douglas alleges that he is a 53 year old Native American man employed by the state of Illinois since 2001. In 2005, he was transferred to CMS. In June 2005, he applied for promotions offered by CMS, DCFS, DHFS, and the Illinois Department of Human Services (DHS) (the Positions). The published qualifications for the Positions stated that the

applicant must be a current state employee. Each Position was ultimately filled by an outside consultant who was not qualified for each such Position. Complaint, at 10.[1]

In response, Douglas initiated an action with his union and began requesting information concerning how and why the agencies violated their own hiring requirements. Douglas also reported the alleged employment abuses and failures to provide information.[2] Douglas alleges that he thereafter has been continually subjected to disparate treatment and retaliation. He alleges that he has been passed over for promotion. He alleges that in June 2009, he was subjected to a fifteen-day suspension for actions that allegedly occurred in 2005 and 2006. Id.[3]

Based on these allegations, the Complaint purports to assert claims under Title VII of the Civil Rights Act of 1964 (Title VII) and "Federal and State of Illinois Whistle Blowers Acts." Complaint, at 1, 10; 42 U.S.C. § 2000e. Defendants now move to dismiss.

---

[1]The page number is the number assigned by the Court's electronic filing system. Douglas did not number the pages.

[2]The Complaint did not identify the person to whom Douglas made these reports.

[3]The allegations on page 10 of the Complaint ended in mid-sentence. The last sentence alleged that the suspension occurred after Douglas filed some additional material, but the Complaint did not describe the additional material.

ANALYSIS

Douglas fails to state a claim for a violation of Title VII. First, Douglas names the wrong Defendants. A Title VII claim can only be brought against the employer, not managers, directors or other employees. Williams v. Banning, 72 F.3d 552, 553-54 (7th Cir. 1995). Douglas, thus, must bring such a claim against the agencies that offered the Positions. Beyond this, Title VII prohibits employment discrimination based on race, color, sex, religion, and national origin. 42 U.S.C. § 2000e-2. Douglas does not allege that the agencies discriminated against him on any of these grounds. He alleges that unqualified consultants received the Positions, but he does not allege that race, color, sex, religion, or national origin had anything to do with the hiring decision.

Douglas also alleged that the Defendants retaliated against him. Title VII prohibits retaliation against someone who opposed a violation of Title VII. 42 U.S.C. § 2000e-3. Douglas, however, does not allege that he opposed an act that violated Title VII. He filed an action with his union and sought information about the decision to hire outside consultants for the Positions. Douglas did not allege that the decision to hire outside consultants had anything to do with discrimination based on sex, race, color,

4

national origin, or religion.  His allegations do not implicate Title VII. Douglas' Title VII claim is dismissed.

Douglas also alluded to whistle blower statutes in his Complaint.  The Court directed the Defendants to address whether Douglas stated a claim under any state or federal whistle blower statute.  The Defendants filed a Memorandum demonstrating that there is no state or federal whistle blower statute that authorizes a private cause of action for Douglas.  <u>Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss (d/e 13)</u>.  Douglas does not dispute the Defendants' position that he has no claim under any applicable state or federal whistle blower statute. <u>Plaintiff's Response to Defendants May 1, 2010 Supplemental Motion to Dismiss (d/e 14) (Plaintiff's Supplemental Motion)</u>.  Douglas' claims under state and federal whistle blower statutes are dismissed.

Douglas, however, now claims that he has a First Amendment retaliation claim because the Defendants retaliated against him after he spoke out on matters of public concern. <u>Plaintiff's Supplemental Motion</u>, at 1.  Specifically, Douglas alleges that he disclosed illegal activities that involved theft, fraud, gambling, and a cover-up.  He alleges that he was suspended in retaliation for these disclosures.  <u>Id.</u>  These allegations may

5

state a § 1983 claim for a violation of his First Amendment rights. 42 U.S.C. § 1983; <u>Connick v. Myers</u>, 461 U.S. 138, 142 (1983). Douglas, however, did not include these allegations in the Complaint.

Because Douglas is proceeding pro se, the Court will give him one additional opportunity to allege a § 1983 First Amendment retaliation claim in an amended complaint. The amended complaint must give the Defendants notice of the matters of public concern on which Douglas spoke and the time and manner in which he spoke out about these matters. The amended complaint must also give the Defendants notice of the alleged retaliation that occurred and the way in which each individual Defendant was personally involved in the alleged retaliation. Section 1983 actions may only be brought against individuals who were personally involved in the wrongful conduct. <u>See e.g.</u>, <u>Doyle v. Camelot Care Centers, Inc.</u>, 305 F.3d 603, 614-15 (7th Cir. 2002).

THEREFORE, the Defendants' Motion to Dismiss (d/e 8) is ALLOWED. Douglas' claims alleged under Title VII and state and federal whistle blower statutes are dismissed with prejudice. Douglas is given leave to file an amended complaint to allege a § 1983 claim for retaliation against him for speaking out on a matter of public concern in violation of his First

Amendment right to freedom of speech. The amended complaint must be filed by June 30, 2010. The existing Defendants must respond to the amended complaint by August 16, 2010. Should Douglas add defendants, he must serve those defendants with a summons and the amended complaint, and those defendants will have the time set forth in the Rules of Civil Procedure to respond to the amended complaint.

IT IS THEREFORE SO ORDERED.

ENTER: May 13, 2010

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE